UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC TREND FRIERSON, | Case No. ED CV 17-02317-RAO |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security, | |
| Defendant. | |

## I. <u>INTRODUCTION</u>

On November 15, 2017, Plaintiff Eric Trend Frierson ("Plaintiff"), represented by counsel, filed a Complaint in this Court challenging the Commissioner's decision to deny his application for disability benefits. (Dkt. No. 1.) On November 27, 2017, the Court issued an order regarding procedures in this action. (Dkt. No. 11.) On February 2, 2018, the case was transferred to the undersigned Magistrate Judge. (Dkt. No. 19.) The Commissioner filed an answer and the certified administrative record on April 16, 2018. (Dkt. Nos. 26, 27.)

On July 16, 2018, Plaintiff's counsel filed a motion to withdraw as attorney, citing Plaintiff's failure to communicate with counsel regarding substantive aspects

of the case. (Dkt. No. 32.) Plaintiff's counsel filed a proof of service of his motion to withdraw on Plaintiff. (Dkt. No. 34.) On July 24, 2018, the Court granted Plaintiff's counsel's motion and directed counsel to file proof of service evidencing that Plaintiff has been served with a copy of the Court's order. (Dkt. No. 35.) On July 31, 2018, Plaintiff's counsel filed proof of service on Plaintiff of the Court's July 24 order. (Dkt. No. 36.)

In the Court's July 24 order allowing counsel to withdraw, the Court set a telephonic status conference for August 27, 2018, at 10 a.m. The Court's order directed that Plaintiff be prepared to inform the Court how he wanted to proceed in this matter, including whether he is attempting to retain new counsel to represent him. (Dkt. No. 35.) The Court's order warned Plaintiff "that failure to participate in the telephonic status conference as scheduled could result in dismissal of his case for failure to prosecute." (*Id.*)

On August 27, 2018, the Court held a telephonic status conference in this matter. Plaintiff did not appear for the status conference. (Dkt. No. 37.)

Given the foregoing, and for the reasons below, the Court dismisses the complaint with prejudice for failure to prosecute and to follow court orders.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts *sua sponte* authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992). "District courts have the inherent power to control their dockets and, [i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." *Ferdik*, 963 F.2d at 1260 (internal quotation marks omitted).

In determining whether to dismiss an action for failure to prosecute or for failure to comply with court orders, a court must weigh five factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants/respondents;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the first factor (the public's interest in expeditious resolution of litigation) and second factor (the Court's need to manage its docket) strongly favor dismissal. The Court attempted to avoid this outcome by providing Plaintiff time, after allowing his attorney to withdraw as counsel, to determine how he wished to proceed in this matter and scheduling a telephonic status conference at which he could apprise the Court of his intentions. *See* Dkt. No. 35. Plaintiff failed to appear for the scheduled conference. Dkt. No. 37. Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations marks omitted). His inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket.

The third factor (the risk of prejudice) requires a showing that the Plaintiff's actions impaired the Commissioner's ability to proceed with litigation or threatened to interfere with the rightful decision of the case. *See Pagtalunan*, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir. 1984). However, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely" act. *Yourish*, 191 F.3d at 991. The better the reason, the less likely it is that the third factor will favor dismissal. *See id.* (finding that the plaintiff's "paltry excuse for his default on the judge's order

3

| | |
|---|---|
| 1 | indicate[d] that there was sufficient prejudice to Defendants from the delay that [the |
| 2 | third] factor also strongly favor[ed] dismissal"). The Ninth Circuit has stated that |
| 3 | "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even |
| 4 | in the absence of a showing of actual prejudice to the defendant from the failure." |
| 5 | *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also In re Eisen*, 31 |
| 6 | F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson*). However, while prejudice |
| 7 | is presumed for a failure to prosecute, the presumption may be rebutted, and a court |
| 8 | should consider whether there has been a showing that no actual prejudice has |
| 9 | occurred. *Anderson*, 542 F.2d at 524. |
| 10 | Here, Plaintiff's failure to appear for the scheduled status conference or |
| 11 | otherwise respond to the Court's order indicates a loss of interest in the matter. |
| 12 | Plaintiff's loss of interest is further supported by his former counsel's |
| 13 | representation that Plaintiff was not responding to counsel's communications. Dkt. |
| 14 | No. 32 at 3 & Declaration of Lawrence D. Rohlfing. The Commissioner's ability to |
| 15 | defend against the instant action is hampered by Plaintiff's apparent failure to |
| 16 | participate, and the Commissioner should not be forced to litigate this action if |
| 17 | Plaintiff is not actively pursuing the matter. The Court therefore finds that the third |
| 18 | factor weighs in favor of dismissal. |
| 19 | The fourth factor (the availability of less drastic alternatives) strongly |
| 20 | supports dismissal. As noted above, the Court attempted to avoid dismissal by |
| 21 | allowing Plaintiff an opportunity to inform the Court how he wished to proceed |
| 22 | after his counsel was allowed to withdraw. Despite the Court's warning that failure |
| 23 | to appear for the August 27 status conference could result in dismissal of his case, |
| 24 | Plaintiff has failed to comply with the Court's orders. The Court deems it |
| 25 | imprudent to wait any longer for Plaintiff to exhibit an interest in prosecuting this |
| 26 | action with the requisite amount of diligence. *Henderson v. Duncan*, 779 F.2d |
| 27 | 1421, 1424 (9th Cir. 1986) (a district court "need not exhaust every sanction short |
| 28 | of dismissal before . . . dismissing a case"). |

The fifth factor (the public policy favoring disposition on the merits) weighs against dismissal, as it almost inevitably will when an action is dismissed without reaching the merits. *Pagtalunan*, 291 F.3d at 643.

In sum, four out of the five factors support dismissal. *See Yourish*, 191 F.3d at 990 (dismissal is appropriate where three of the five factors strongly support dismissal).

A dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits unless one of three exceptions applies: if the court lacks jurisdiction, venue is improper, or joinder of a required party has not occurred. Here, the Court is dismissing for failure to prosecute and to obey court orders, and thus none of Rule 41(b)'s exceptions applies. Accordingly, dismissal will be with prejudice to refiling of a new action in federal court based on the same allegations. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal under Rule 41(b) is an adjudication on the merits unless one of the rule's exceptions applies).

## III. CONCLUSION

It is ORDERED that Judgment shall be entered dismissing the Complaint with prejudice for failure to prosecute and to comply with Court orders.

DATED: August 31, 2018

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**